NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1056

Michael W. Wynne, SECRETARY OF THE AIR FORCE,

Appellant,

v.

LOCKHEED MARTIN CORPORATION,

Appellee.

Appeal from the Armed Services Board of Contract Appeals in no. 53822, Administrative Judge Robert T. Peacock.

ON MOTION

Before PROST, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

PROST, Circuit Judge.

O R D E R

Lockheed Martin Corporation moves to dismiss for lack of jurisdiction the Secretary of the Air Force's appeal from a June 27, 2007 decision of the Armed Services Board of Contract Appeals reversing the contracting officer's (CO) decision and remanding the case to the parties to negotiate quantum.  The Secretary opposes.

Pursuant to 28 U.S.C. § 1295(a)(10), our jurisdiction is limited to reviewing only final decisions of the Board.  Teledyne Continental Motors v. United States, 906 F.2d 1579, 1581 (Fed. Cir. 1990).  "[A]n important focal point in ascertaining finality of a board's decision is the scope and extent of the contracting officer's decision."  Teller Envtl. Sys., Inc. v. United States, 802 F.2d 1385, 1389 (Fed. Cir. 1986).

In his final decision, the CO presented a claim for a price adjustment of $32 million for increased costs to the government arising out of voluntary changes made by Lockheed to its cost accounting practices, effective June 28, 1993 (collectively, the June 1993 changes). The $32 million claim constituted the total increased costs associated with a variety of Lockheed's contracts with the government. Included in the CO's claim was "approximately $14.8 million" for increased costs associated with a contract for the engineering and manufacturing development of the Air Force's F-22 fighter aircraft. The F-22 contract was originally awarded to Lockheed in August 1991 but modified in November 1993.

Lockheed agreed to pay approximately $17 million of the claim but appealed the portion of the claim for increased costs associated with the F-22 contract to the Board. Lockheed asserted that the Secretary was not entitled to increased costs for the F-22 contract associated with the June 1993 changes because such costs were subsumed in the renegotiated price in the November 1993 modification agreement. On June 27, 2007, the Board issued its decision agreeing with Lockheed and sustaining its appeal. Noting throughout its decision that the only issue being decided at that time was entitlement, the Board remanded to the parties to negotiate quantum.

The Secretary appeals seeking review of the Board's entitlement decision. Lockheed contends, however, that the Board's decision was not final and therefore not reviewable at this time. In support of its motion Lockheed cites our decision in Teller. In Teller, the contracting officer's decision was adverse to the contractor on both entitlement and quantum. Because both issues were before the Board and the Board decided only entitlement and remanded any damages determination to the parties, we

held in Teller that this court lacked jurisdiction over the appeal because there was no final decision. Teller, 802 F.2d at 1390.

We agree with Lockheed that pursuant to the holding of Teller we lack jurisdiction to review this appeal. Here, similar to Teller, the CO's decision was adverse to Lockheed on both entitlement and quantum. The CO determined that the government was entitled to a total of $32 million, which included "approximately $14.8 million" associated with the F-22 contract. In its decision, the Board specifically held that "the precise dollar cost shifts associated with including or excluding the F-22 contract . . . are uncertain." The Secretary disputes that statement and states in his opposition to the motion to dismiss that "the board here determined that the Government [is] entitled to no damages." The Secretary further states that "here, the board held that the amount of damages recoverable upon the F-22 contract by the Government due [to] Lockheed's Mid-Year Changes must necessarily be zero. Thus, there was nothing left to decide in this case."

Nonetheless, the Board has not issued a final decision but has remanded to the parties to determine quantum. If, as the government asserts, there is no quantum, the parties should so inform the Board and the Board can issue a final decision. However, as it now stands, the Board has stated that it has remanded an issue to the parties and thus has not issued a final decision.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2)     Each side shall bear its own costs.

                                        FOR THE COURT


     March 7, 2008                          /s/ Sharon Prost
          Date                          Sharon Prost
                                        Circuit Judge

cc:    Stephen C. Tosini, Esq.
       Terry L. Albertson, Esq.

s19

ISSUED AS A MANDATE:     March 7, 2008


2008-1056                          4